

Signed and Filed: September 08, 2006

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ALEXIS MAGER LAKUSTA,<br><br>   Debtor.<br>_____<br>ALEXIS MAGER LAKUSTA,<br><br>   Plaintiff,<br><br>   vs.<br><br>MARK H. EVANS, SHARON LA FOUNTAIN,<br>and ALVIN C. SILVERNAGEL,<br><br>   Defendants.<br>_____ | Case No. 02-31521 STC<br><br>Chapter 7<br><br><br><br>Adv. Proc. No. 03-3549 TC<br><br><br><br>Date: August 11, 2006<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>    235 Pine Street<br>    San Francisco, CA |

**MEMORANDUM RE MOTION TO DECLARE
ALEXIS LAKUSTA A VEXATIOUS LITIGANT**

At the above date and time, the court held a hearing on the Motion of Mark Evans to Declare Alexis Lakusta A Vexatious

1

Litigant.  This memorandum constitutes the court's findings of fact and conclusions of law regarding the Motion.

**FACTS**

Alexis M. Lakusta ("Lakusta") filed chapter 11 on June 4, 2002.  The case was converted to chapter 7 on December 19, 2002.  Lakusta sued Mark Evans ("Evans") in bankruptcy and state court in an effort to recover real property that Lakusta had transferred to Evans prepetition.  As described in more detail below, Lakusta lost that litigation, and has been unable to accept this loss.

**The First Action**

Lakusta filed AP No. 02-3125 against Evans in this court on June 10, 2002 (the "First Action").  The complaint includes the following allegations.  Lakusta owned three real properties located on Old La Honda Road in Woodside, California.  On March 26, 2002, Lakusta entered into a general partnership with Evans to develop 548 Old La Honda Road and 579 Old La Honda.  Evans was to act as the general contractor.  By April 22, 2002, Evans convinced Lakusta to convey his entire interest in 548 Old La Honda, and a "full interest" in Lakusta's home at 633 Old La Honda.  Evans caused the grant deeds to be recorded, after which he "forcibly removed" Lakusta from the property at 633 Old La Honda and took Lakusta's valuable personal property from the premises.  The transactions alleged in the First Action are hereinafter collectively referred to as the "2002 Transactions".

Shortly after Evans filed a timely answer in the First Action, the parties settled the action via a signed settlement agreement (the "Settlement Agreement").  This court signed an order approving

the settlement on August 20, 2002 (the "Settlement Order"). Under the express terms of the Settlement Agreement, Lakusta and Evans released all claims they had against each other, including a release of all claims under California Civil Code section 1542.

Two and one-half months after entry of the Settlement Order, Evans filed a motion to enforce the Settlement Agreement, and Lakusta countered with a motion to vacate the Settlement Order. Prior to a determination on these cross motions, the First Action was dismissed via a stipulation filed on June 18, 2003.

**The Second Action**

On August 5, 2003, Lakusta filed an action against Evans in San Mateo Superior Court (No. CIV 433241) seeking to void the March 2002 transfer to Evans of 633 Old La Honda (the "Second Action"). Lakusta filed the Second Action while his chapter 7 case was open, despite the fact that the chapter 7 trustee had not abandoned to Lakusta any litigation claims, and notwithstanding the release of claims against Evans. In the Second Action, Lakusta alleged that the contract transferring 633 Old La Honda did not comply with California Civil Code section 1695. The complaint also named as defendants Sharon La Fountain, a California notary public, and Alvin C. Silbernagel, a licensed California real estate broker. Evans filed a timely notice of removal of the action, which was assigned Adv. Proc. No. 03-3549.

The Second Action proceeded to trial, and this court entered judgment in favor of Evans on June 7, 2005 (the "Judgment"). The Judgment provided that the Settlement Agreement was fully

3

enforceable, and that the Second Action was barred as a result of the release provisions in that Agreement.

Lakusta did not appeal the Judgment. On June 21, 2005, Lakusta pro se filed a Rule 60(b) motion for amendment of the Judgment, which the court denied on the basis that the motion identified no legally cognizable grounds for relief. The motion, exhibits, and related memorandum of points and authorities totaled 34 pages.

On June 8, 2006, almost one year after denial of the first Rule 60(b) motion, Lakusta pro se filed a second Rule 60(b) motion. This second motion, exhibits, and related memorandum of points and authorities totaled 96 pages. The court also denied the second motion on the ground that it stated no basis for relief from judgment cognizable under Rule 60(b).

**The Third Action**

On April 15, 2006, Lakusta filed an emergency motion for relief from stay to file a new action against Evans before the statute of limitations ran. This court, which was out of town, granted the motion in order to preserve the statute of limitations while the court decided whether the action should proceed. Pursuant to the stay-relief order, on April 21, 2006, Lakusta filed an action in San Mateo Superior Court against Evans, Evans' company (Old La Honda Properties), and Evans' former counsel in the Second Action, asserting a breach-of-contract claim regarding the 2002 Transactions (the "Third Action"). Also on April 21, 2006, Lakusta filed a motion to compel the chapter 7 trustee to abandon the estate's interest in all claims against Evans, his agents and

4

employees, including but not limited to all of the claims alleged in the First Action and in the Second Action.  Lakusta's counsel withdrew prior to the scheduled hearing on the motion to abandon, and substituted Lakusta in pro per.

The court denied the motion for abandonment, finding that the Trustee remained the real plaintiff in any new action, that the Third Action also arose out of the 2002 Transactions, and that Lakusta therefore improperly was seeking to relitigate the issues resolved via the Judgment.  The court also vacated the limited stay-relief order and ordered the Trustee as plaintiff real-party-in-interest to dismiss the Third Action.

On May 22, 2006, Lakusta filed a Notice of Appeal of the order denying the motion for abandonment.  That appeal apparently still is pending.

Since the 2002 settlement between Lakusta and Evans, Evans has incurred more than $200,000 in attorney fees to defend against Lakusta's lawsuits and motions regarding the 2002 Transactions.

Lakusta filed no written opposition to Evans' present Motion to Declare Lakusta A Vexatious Litigant, but rather appeared at the hearing and stated on the record at the hearing that he had a lengthy new Rule 60(b) motion that he wished to have adjudicated.

**LAW**

A bankruptcy court has authority to protect and enforce its judgments.  11 U.S.C. § 105(a); Walker v. Stanley, 231 B.R. 343 (N.D. Cal. 1999) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of

abusive litigants by imposing carefully tailored restrictions under the circumstances.") (citations omitted).

The court should weigh the following factors in determining whether or not to restrict a litigant's future access to the court:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation . . . (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties . . . or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. . . . The final and ultimate factor is 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process. . . .'

<u>Walker</u>, 231 B.R. at 350-51 (quoted case omitted).

Lakusta had a full and fair opportunity to litigate all claims arising out of the 2002 Transactions. Judgment was entered against him more than one year ago. The Judgment is final because Lakusta did not appeal it. Lakusta has had two additional chances to obtain amendment of the Judgment, but has been unable to identify a proper basis for doing so, causing needless expense to Evans. Lakusta is able to impose expense on Evans, who is represented by counsel, without imposing expense on himself, because Lakusta represents himself. Absent an injunction, Lakusta is likely to continue trying to relitigate his alleged entitlement to one or more of the La Honda properties, as evidenced by his new Rule 60(b) motion, the state-court complaint filed in April, and his appeal of the order denying the motion to compel abandonment of the litigation claims. There does not appear to be any other sanction

that would be adequate to protect Evans regarding the 2002 Transactions.

Accordingly, the court will enter a separate order providing that, absent prior permission from this court, Lakusta is permanently enjoined from filing any action in any court against Mark Evans, Sharon La Fountain, Alvin C. Silbernagel, Old La Honda Properties, or their agents or employees, regarding the 2002 Transactions, the Settlement Agreement, the Settlement Order, or the Judgment.

**\*\*END OF MEMORANDUM\*\***

8

                       **Court Service List**

Alexis Mager Lakusta
1259 El Camino Real, Suite 245
Menlo Park, CA 94025-4208

Catherine Schlomann Robertson, Esq.
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113-1700

Aron M. Oliner, Esq.
Law Offices of Duane Morris
1 Market Spear Tower #2000
San Francisco, CA 94105-1411